UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE L. DILLARD, #254178,

    Plaintiff,

v.

CASE NO. 2:14-CV-10198
HONORABLE ARTHUR J. TARNOW

WAYNE CO. DIST. & CIR. CT, et al.,

    Defendants.
    _____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

**I.   INTRODUCTION**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. In his complaint, Michigan prisoner Eddie Dillard ("Plaintiff") challenges his state criminal proceedings. He names Wayne County District Court, Wayne County Circuit Court, and Judges Irma J. Chenevert, Nancy Blount, and Terrance K. Boyle as the defendants in this action. He sues the defendants in their individual and official capacities. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

**II.   LEGAL STANDARDS**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of


a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. DISCUSSION

#### A. Criminal Proceedings

Plaintiff's complaint concerns his state criminal proceedings. It is subject to summary dismissal because it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called

into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims concerning the validity of his criminal proceedings, his conviction(s) and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and must be dismissed.

  **B.**  **Claims against the Courts**

Plaintiff's claims against the Wayne County District Court and the Wayne County Circuit Court must also be dismissed because those state courts are not "persons" under the provisions of § 1983. Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, the United States Court of Appeals for the Sixth Circuit has

held that a state court is not a "person" subject to suit under § 1983. *See Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Plaintiff's complaint against the state courts must thus be dismissed.

### C. Eleventh Amendment and Judicial Immunity

Plaintiff names three state court judges as defendants in this action and sues them in their official and individual capacities. The state court judges are entitled to sovereign immunity on Plaintiff's claims for damages against them in their official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will*, 491 U.S. at 66. The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are thus entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); *Brown v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, *2 (E.D. Mich. Dec. 6, 2010). Eleventh

*Dillard v. Wayne Co Dist. & Cir. Ct, et al.*
Case No. 2:14-CV-10198
Page 6 of 7

Amendment immunity applies to state employees, *i.e.*, the judges, who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). The state court judges are thus entitled to Eleventh Amendment immunity and Plaintiff's claims for damages against them in their official capacities must be dismissed.

Additionally, Plaintiff's claims against the state court judges in their individual capacities are subject to dismissal based upon absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[1] Plaintiff's claims against the judges concern the performance of their judicial duties. The judges are therefore entitled to absolute judicial immunity for their actions and Plaintiff's claims against them in their individual capacities must be dismissed.

---

[1] The Court notes that the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint regarding his criminal proceedings as to all of the defendants, that the state courts are not entities subject to suit in this action, and that the state court judges are entitled to Eleventh Amendment immunity and absolute judicial immunity. Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 31, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 31, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant