UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE L. DILLARD, #254178,

        Plaintiff,

                                          CASE NO. 2:14-CV-10198
v.                                  HONORABLE ARTHUR J. TARNOW

WAYNE CO. DIST. & CIR. CT, et al.,

        Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on Plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4) concerning the Court's denial of his request to reopen this closed civil rights case brought pursuant to 42 U.S.C. § 1983.  Plaintiff essentially seeks reconsideration of the Court's dismissal of, and refusal to reconsider, his complaint, which challenged his state criminal proceedings and raised claims regarding the validity of the felony warrant, the state court's jurisdiction, and the judicial officers' authority.

To the extent that Plaintiff seeks reconsideration of the Court's decisions, his motion must be denied.  A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted.  *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different

disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Furthermore, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 60(b).  Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Plaintiff makes no such showing.  The Court properly dismissed the complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), for failure to state a claim against the state courts who are not persons subject to suit, and on the basis of Eleventh Amendment and judicial immunity.  The Court also properly refused to reopen this case. Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).  Accordingly, the Court **DENIES** Plaintiff's motion.  This case is closed.  No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: June 18, 2014          Senior United States District Judge

2

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 18, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant